Slip Op. 02-19

# UNITED STATES COURT OF INTERNATIONAL TRADE

## Judge Jane A. Restani

| | | |
|---|---|---|
| _____ | : | |
| SWISHER INTERNATIONAL, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 95-03-00322 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

[No interest on interest awarded on Harbor Maintenance Tax refund made under 28 U.S.C. § 1581(i). Post-summons interest awarded on refund made under 28 U.S.C. § 1581(a)]

McKenna & Cuneo, L.L.P. (Peter Buck Feller, Daniel G. Jarcho, and Joseph F. Dennin) for plaintiff Swisher.

Robert D. McCallum, Jr., Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jeanne E. Davidson, Todd M. Hughes, and Jeffrey A. Belkin), Richard McManus Office of the Chief Counsel, United States Customs Service, of counsel, for defendant.

## AMENDED JUDGMENT

Plaintiff, Swisher International, Inc., has paid Harbor Maintenance Tax in the amount of $27,307.95. $10,341.59 of the principal amount has been refunded previously pursuant to a January 8, 1999 judgment entered under 28 U.S.C. § 1581(i) jurisdiction. $16,966.36 remains outstanding. The court's denial of jurisdiction under 28 U.S.C. § 1581(a), which would have overcome statute of limitations issues, was overruled on appeal. See Swisher Int'l, Inc. v. United States, 205 F.3d 1358, 1364 (Fed. Cir.2000), cert. denied, 581 U.S. 1036 (2000). Refund is now to be made of the full principal, but the amount of interest owed remains in dispute.

The Federal Circuit Court of Appeals has stated that post-summons interest is due under 28 U.S.C. § 2644 in HMT cases arising under § 1581(a). See IBM Corp. v. United States, 201 F.3d 1367, 1374 (Fed Cir. 2000). Although IBM was a case brought under 28 U.S.C. § 1581(i), not (a), the parties are in agreement that post-summons interest is owed under 28 U.S.C. § 2644 on claims brought under 28 U.S.C. § 1581(a). Plaintiff, therefore, is entitled to collect post-summons interest from the date of summons to the date of refund on the outstanding principal of $16,966.36.

Plaintiff filed its complaint under both 28 U.S.C. § 1581(a) and (i), but plaintiff accepted payment of the $10,341.59, which was awarded under 1581(i) jurisdiction. Plaintiff specifically did not appeal this award, see Notice of Appeal filed January 26, 1999 ("Plaintiff does not appeal the award of $10,341.59 . . ."), and, therefore, did not preserve its claim for interest on the award under § 2644 based on § 1581(a) jurisdiction. See Durango Associates, Inc., v. Reflange, Inc., 912 F.2d 1423 (Fed. Cir. 1990) (citing C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir.), cert. denied, 454 U.S. 1125 (1981) (holding that where the appellant specifies a judgment or a part thereof, appellate court "has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal.")). Accordingly, interest is not owed on said prior award.[1]

Plaintiff argues that, in addition to the remaining principal and post-summons interest payable under § 2644, plaintiff is also entitled, under 28 U.S.C. § 1961 (post-judgment interest), to interest upon the original unpaid 1999 interest awarded on a 28 U.S.C. § 1581(i) theory, payment of which was stayed pending IBM.

---

[1] It appears that there also was no appeal as to a small portion of the agreed to principal amount, but as principal is agreed between the parties and there was no prior settlement and payment by the government of this amount, the court declines to analyze the issue of appellate jurisdiction in this regard.

As the holding of IBM effectively negated the award of prejudgment interest in the original § 1581(i) judgment under which the $10,341.59 was paid, there is no outstanding award of interest in 1999 upon which interest may run. The statement as to § 2644 post-summons in IBM, though obviously correct, was dicta. See id., 201 F.3d at 1374. IBM did not deal with the award of interest on a case brought under 28 U.S.C. § 1581(a). Accordingly, post-judgment interest on unpaid interest is not awarded under 28 U.S.C. § 1961, and 28 U.S.C. § 2644 provides all that is due as interest.

It is therefore ORDERED that:

(1) Judgment is entered for plaintiff in the amount of $ 16,966.36, plus interest on that principal, calculated from the date of the summons pursuant to 28 U.S.C. § 2644.

(2) Pursuant to the reasoning here and the court's opinion in this case dated December 11, 2001, Slip-Op. 01-144, plaintiff is entitled to no other award of interest.

_____

Jane A. Restani
JUDGE

Dated: New York, New York

This 21st day of February, 2002.

3